**SNELLING, Appellee and Cross–Appellant,**

**v.**

**BOARD OF REVIEW, OHIO BUREAU OF EMPLOYMENT SERVICES, Appellant and Cross–Appellee, et al.**

[Cite as *Snelling v. Ohio Bur. of Emp. Serv.* (1991), 64 Ohio App.3d 261.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–278.

Decided Aug. 13, 1991.

262

*Cloppert, Portman, Sauter, Latanick & Foley* and *Russell E. Carnahan,* for appellee and cross-appellant Michael L. Snelling.

*Lee I. Fisher,* Attorney General, and *Stefan J. Schmidt,* for appellant and cross-appellee Ohio Bureau of Employment Services.

*Vaughn Davis,* for appellee Central Ohio Transit Authority.

TYACK, Judge.

Michael L. Snelling was employed as a motor coach operator for the Central Ohio Transit Authority ("COTA") from September 6, 1984 until February 1, 1989. During a portion of this time period, COTA and Local 208 of the Transport Workers Union of America ("Local 208"), which represented the motor coach operators, were involved in heated negotiations regarding the terms of a new contract. Ultimately, COTA began attempting to enforce unilaterally several terms of a proposed new contract which had not been accepted and ratified by the union. One of the new terms dealt with attendance policy.

The changes in the attendance policy which COTA attempted to enforce reduced the number of chargeable events which made an operator subject to discharge from thirteen to eleven. COTA took the position that on January 31, 1989, Snelling had his eleventh unscheduled absence and, therefore, was subject to termination. As a result, COTA issued a letter of termination to Snelling ending his employment effective February 1, 1989.

Snelling applied for unemployment compensation, alleging that he was terminated without just cause. His benefits were denied by the Board of Review of the Ohio Bureau of Employment Services ("board of review"), despite the fact that the State Employment Relations Board ("SERB") had determined during the intervening time that COTA had acted unlawfully when it unilaterally imposed terms of employment different from those embodied in the last contract between Local 208 and COTA.

Snelling appealed the denial of his unemployment benefits to the Common Pleas Court of Franklin County, Ohio. That court reversed the denial of benefits determination and remanded the cause to the Ohio Bureau of Employment Services for payment of benefits. This appeal and cross-appeal then followed.

Appellant board of review assigns the following error:

"The Franklin County Court of Common Pleas abused its discretion in reversing the decision of the Board of Review which held claimant was not entitled to unemployment compensation."

Cross-appellant Michael L. Snelling has also presented a single assignment of error:

"The Common Pleas Court erred in failing to address the second assignment of error raised by the appellant Michael Snelling."

Addressing appellant's assignment of error first, the judge of the court of common pleas who reviewed this matter on appeal to that court found that

reversal of the board of review was mandatory, given the earlier determination by SERB that the action of COTA in instituting the new attendance policy was an unfair labor practice. Specifically, the judge cited R.C. 4141.28(O), which requires reversal "[i]f the court finds that the decision was unlawful * * *," and indicated that the decision *was* unlawful, given SERB's ruling.

Appellant has submitted that the trial court applied the doctrine of "collateral estoppel" and mandated that the board of review accept the earlier ruling of SERB.

 Generally, collateral estoppel is a doctrine that binds the parties in one action to the results of that action in another forum, to the extent that the parties and issues are identical. Since the parties are the ones who are bound, the board of review would not literally be bound by a ruling of SERB, but the board of review should take the action of SERB into account and should address the reasons why the board of review fails to agree with the logical inferences of the SERB determination.

In the case of Snelling, the board of review denied unemployment benefits without a full explanation as to why the action of COTA was not unlawful. Instead, the referee who handled the matter for the board of review stated in his decision:

" * * * The board of review has no jurisdiction to determine whether the terms and conditions worked were lawful or unlawful, proper or improper. * * * "

The referee then reasoned that since Snelling continued to work after COTA had unilaterally changed the absence policy, he should be bound by COTA's new policy. Thus, he could be terminated for violating it, even though collective bargaining had never led to a contract which incorporated the new policy. The result, under such reasoning, is the potentially absurd one that a public employee can be fired for violating an illegal policy of his or her employer.

Clearly the board of review has not only the *jurisdiction* to consider whether a person has been fired for violation of an illegal policy but, in fact, has the *obligation* to consider that issue in determining whether or not a person has had his or her employment terminated for just cause.

 Further, R.C. 4117.10(A) expressly requires that where no agreement exists between a public employer and public employees, both are subject to all applicable state laws pertaining to terms and conditions of employment for public employees. Presumably one such set of applicable state laws are those which give public employees the right to be free from unfair labor practices. Thus, where a final determination has been made by SERB that a given policy

or act is an unfair labor practice and that determination is not contested in a subsequent forum, the subsequent forum should accept the SERB determination as binding to the extent that it impacts on the same or similar issues before the subsequent forum.

Stated in terms of the case of Snelling, given the fact that SERB had determined the unilateral act of COTA in reducing the number of unexcused absences mandating termination from thirteen to eleven to be an unfair labor practice (and hence unlawful); and, given the fact that this determination by SERB is not and was not subsequently contested, then COTA acted unlawfully and without just cause in terminating Snelling for violating the new absence policy. Therefore, Snelling was entitled to unemployment benefits, as the judge from the court of common pleas ruled.

The appellant's assignment of error is overruled.

Under the circumstances, the assignment of error of cross-appellant is overruled also. The determination of whether a particular absence is caused by a verifiable illness or injury would have no effect on the outcome of the appeal, given our ruling on appellant's assignment of error.

*Judgment affirmed.*

WHITESIDE and HOFSTETTER, JJ., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.